UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: AIR CRASH AT GEORGETOWN, GUYANA,
ON JULY 30, 2011                                                              MDL No. 2395


TRANSFER ORDER


    **Before the Panel**: Pursuant to 28 U.S.C. § 1407, defendant Carribean Airlines Limited moves to centralize this litigation in the Eastern District of New York. This litigation currently consists of three actions pending in two districts, as listed on Schedule A.[1] Plaintiffs in the Southern District of Florida actions request that the Panel limit centralization of the present and anticipated future actions based on the applicable treaty governing the air carrier's liability – the Montreal Convention or the Warsaw Convention.[2] Specifically, these plaintiffs oppose centralization of the present actions in a single MDL, but support centralization of the S.D. Florida *Rajendra Persaud* action with any future actions covered by the Warsaw Convention, and suggest the Eastern or Southern District of New York for those actions.

    Plaintiffs in the Southern District of Florida actions argue that centralization is inappropriate because the vast majority of actions arising from the accident will be covered by the Montreal Convention, which establishes a regime of strict liability up to a cap of 113,100 Drawing Rights (about $170,000, according to plaintiffs). At oral argument, counsel for plaintiffs in the pending Florida actions proffered that they would stipulate that they would not seek damages in excess of that cap, and argued that the Montreal Convention actions thus would have no common issues of fact concerning liability. Plaintiffs further submit that, in contrast, the threshold issue of liability will be litigated in actions covered by the Warsaw Convention because of its different liability regime and, hence, centralization of those anticipated actions with the *Rajendra Persaud* action is appropriate.[3] The transferee judge, however, is best suited to determine how the anticipated stipulations concerning damages (once finalized) should impact the pretrial proceedings. We are confident that the transferee

---

    [1] The Panel has been notified of two potentially related actions in the same districts. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

    [2] The Warsaw Convention refers to the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934), *reprinted at* 1934 WL 29042. The Montreal Convention refers to the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45, ICAO Doc. No. 9740 (1999), *reprinted at* 1999 WL 33292734.

    [3] Defendant intends to dispute the availability of damages in excess of the caps set forth in the Montreal and Warsaw Conventions, and has raised affirmative defenses to liability in two actions.

-2-

judge will give close attention to whether remand is appropriate when the threshold issue of liability for each action is resolved.

On the basis of the papers filed and hearing session held, we find that these three actions involve common questions of fact, and that centralization in the Eastern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions concern the cause or causes of the crash of a Boeing 737-800 passenger aircraft operated by Carribean Airlines at Georgetown, Guyana, on July 30, 2011. Centralization under Section 1407 will eliminate duplicative discovery, particularly with respect to potential international discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary. Although only three actions are pending, centralization under Section 1407 is more suitable than informal coordination given that these actions arise from the same accident, and the parties' representation that over 100 passengers have retained counsel to pursue unresolved claims.

The Eastern District of New York is an appropriate transferee court. The flight originated in New York, and a majority of the affected U.S. passengers reside in the New York area. This district is centrally located for the geographically dispersed passengers and will be convenient to counsel. Judge Allyne R. Ross is an experienced transferee judge who we are confident will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of New York are transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Allyne R. Ross for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil        W. Royal Furgeson, Jr.
Barbara S. Jones         Paul J. Barbadoro
Marjorie O. Rendell      Charles R. Breyer

IN RE:  AIR CRASH AT GEORGETOWN, GUYANA,
ON JULY 30, 2011                                                                                    MDL No. 2395

## SCHEDULE A

<u>Southern District of Florida</u>

Kusmatie Persaud, et al. v. Caribbean Airlines Ltd., C.A. No. 1:12-22138
Rajendra Persaud, et al. v. Caribbean Airlines Ltd., C.A. No. 0:12-61214

<u>Eastern District of New York</u>

Nandine Persaud, et al. v. Caribbean Airlines Ltd., C.A. No. 1:12-03251